IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PHILIP BRALICH, PH.D.,            ) CIVIL NO. 17-00203 ACK-RLP
                                  )
              Plaintiff,          ) FINDINGS AND RECOMMENDATION TO
                                  ) GRANT PLAINTIFF'S MOTIONS TO
         vs.                      ) REMAND
                                  )
BARRY A. SULLIVAN, ESQ.; MARK     )
PIESNER; CHRIS FRY; JOHN          )
BATALI; WILLIAM O'GRADY;          )
PETER MORRELI; CRAIG              )
WEISSMAN; SAM PULLARA; SCOTT      )
ZIEGLER; TWITTER; THROWNET A.     )
CA-CORP; THROWNET B. MA-CORP;     )
SALESFORCE.COM INC.;              )
MICROSOFT; STANFORD               )
UNIVERSITY; NUANCE                )
COMMUNICATIONS,                   )
                                  )
              Defendants.         )
_____   )


FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTIONS TO REMAND[1]

        Plaintiff, proceeding pro se, filed a Motion for Remand

of This Matter to State Court as the Notice of Removal is an

Attempt to Avoid Discovery in that Court or in the Alternative to

Grant the Removal on the Basis of Diversity as well as Patent

Violations on May 17, 2017, and filed a Request For Remand of

this Matter to State Court on May 24, 2017 (collectively referred

to as "Motions to Remand"). ECF Nos. 13, 17.  On June 7, 2017,

_____

        [1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

the district court administratively withdrew various dispositive
motions regarding Plaintiff's Third Amended Complaint and
referred the two pending Motions to Remand. See ECF No. 39.
Defendant Barry A. Sullivan filed an Opposition to the Motions to
Remand on June 26, 2017. ECF No. 46. Defendants Nuance
Communications, Saleforce.com Inc., Craig Weissman, Christopher
Fry, and Microsoft filed Joinders in Defendant Sullivan's
Opposition. See ECF Nos. 47, 48, 49, 50. Defendant Sullivan
filed a Supplemental Memorandum addressing the issue of
timeliness as directed by the Court on July 5, 2017. ECF Nos.
51, 83. Plaintiff filed his Reply on July 13, 2017. ECF No. 84.
The Court found this matter suitable for disposition without a
hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of
the United States District Court for the District of Hawaii. ECF
No. 40. After carefully reviewing the submissions of the parties
and the relevant legal authority, the Court FINDS that this case
was not properly removed and RECOMMENDS that the district court
GRANT Plaintiff's Motions.

## BACKGROUND[2]

Plaintiff, together with another individual, developed
a programable theory of syntax in the early 1990s. ECF No. 1-3
¶¶ 22-23. In 1995, Plaintiff started a company, Ergo, to develop

---

[2] These background facts are provided for context only, are
taken from the allegations in Plaintiff's Third Amended
Complaint, and are not findings of fact by the Court.

syntax software programs for patent. Id. ¶ 24. The patent, U.S.
Patent No. 5,878,385 A, entitled "Method and Apparatus for
Universal Parsing of Language" ("Ergo Patent") was granted in
1999. Id. ¶ 25, 66. Plaintiff alleges that the Ergo Patent was
used to develop software that provided structural analysis of
sentences generated by speech or text. Id. ¶ 28. Defendant
Sullivan served on Ergo's board, was its chief financial officer,
and acted as the attorney for the company. Id. ¶ 4. Ergo closed
in 1999. Id. ¶¶ 78, 80.

Around the same time that Ergo ceased operations,
Plaintiff alleges that Defendant Sullivan formed a competing
company, Thrownet. Id. ¶ 44. Plaintiff alleges that Defendant
Sullivan was granted access to Ergo's software source code and
provided that code to Defendant Fry, Thrownet's head of
engineering, for review. Id. ¶¶ 46-48. Plaintiff alleges that
Defendant Fry then developed a software component "with exactly
the same number of lines of code, 30,000, as the Ergo [software
component]," which Plaintiff alleges is remarkable because
Defendant Fry developed the component in two months and it took
Plaintiff 15 years to develop the Ergo software component. Id.
¶ 48. Plaintiff alleges that Defendants used Ergo's patented
technology to make their own software. Id. ¶ 50. Plaintiff
alleges that Defendant Fry worked with other named Defendants to
obtain a series of patents that were dependent on the software

component that Plaintiff alleges was stolen from the Ergo
patented technology. Id. ¶¶ 56-62. Plaintiff alleges that
Defendant Sullivan violated his fiduciary and legal
responsibilities to Plaintiff and conspired with the other named
Defendants to steal Ergo's patented technologies. Id. ¶ 63.
Plaintiff alleges that he did not learn of the full scope of the
Defendants alleged actions until 2015. Id. ¶ 80, 87, 90-94.

STATE COURT PROCEDURAL HISTORY

        Plaintiff, proceeding pro se, filed this action in the
Circuit Court for the First Circuit of the State of Hawaii, on
July 31, 2015. See ECF No. 1-2 at 1. Plaintiff's initial filing
was styled as a letter to the state court with several
attachments, including a temporary restraining order that had
been issued against Plaintiff in favor of Defendant Sullivan.
See ECF No. 53-4. The temporary restraining order includes a
declaration from Defendant Sullivan that states that Plaintiff
"is accusing me and a former professional colleague of mine and
very well known engineer in the technology world of somehow
'stealing' his intellectual property." Id. at 6. In his letter
filing, Plaintiff states that he has filed a complaint against
Defendant Sullivan for professional misconduct. Id. at 9. The
complaint against Defendant Sullivan is also attached to
Plaintiff's letter filing. Id. at 12. The complaint states that
Defendant Sullivan "violated his non-disclosure, violated our

4

patent, and stole trade secrets." <u>Id.</u> The complaint also
provides the details of the Ergo Patent, including the patent
number and a description of its use and a detailed statement of
Plaintiff's allegations regarding Thrownet's alleged
misappropriation of the Ergo Patent. <u>Id.</u> at 12-13. Plaintiff
states that he "recently found proof that Sullivan . . . has
indeed stolen our patented tools and has been illegally trying to
sell them buried in patents by his former head of engineering,
Chris Fry." <u>Id.</u> at 14.

    In response to Plaintiff's letter filing, Defendant
Salesforce.com and Defendant Fry filed motions to dismiss, or in
the alternative, for a more definite statement. ECF No. 53-5 at
74; ECF No. 53-6 at 2. In those motions, Defendants summarize
Plaintiff's allegations of wrongdoing, stating that Plaintiff
alleges that Defendant Sullivan, through Thrownet, improperly
used the Ergo Patent and that Defendant Sullivan had stolen
Ergo's patented tools. ECF No. 53-5 at 81. Further, Defendants
state that Plaintiff has alleged that "Mr. Sullivan and Mr. Fry
have stolen and misappropriated intellectual property belonging
to Ergo and Plaintiff." <u>Id.</u> Defendant Sullivan filed a
position statement and motion for sanctions. ECF No. 53-7. On
February 4, 2016, the state court granted the motions for a more
definite statement. ECF No. 54-5 at 6. The state court also
quashed Plaintiff's attempted service of process of Plaintiff's

initial complaint on Defendant Sullivan. <u>See</u> ECF No. 57-3 at 2-
6.

Plaintiff filed an amended complaint on March 3, 2016,
captioned as a complaint for "Legal Misconduct, fraud, and RICO
Violations." ECF No. 55-4 at 1. In that amended complaint,
Plaintiff alleged that Defendants "stole" his information
technology ("IT"), intellectual property ("IP") "investments, and
source code" and "violated their non-disclosures and [his]
patent." <u>Id.</u> at 3. Plaintiff alleges that Defendants "buried
[his] patented software in a variety of patents by [Thrownet and
Defendant] Fry." <u>Id.</u> Plaintiff alleges that Defendant Fry
accepted the position at Thrownet knowing that "it was the Ergo
patented IP and IT," and knowing that Plaintiff's "work was
patent protected and that [Defendant] Sullivan had no rights to
it." <u>Id.</u> at 5. Plaintiff's amended complaint also states that
the alleged conspiracy "is also a violation of both Hawaii and
Federal RICO statutes" and seeks "Federal RICO treble damages."
<u>Id.</u> at 5-7. As with Plaintiff's initial letter filing, the
amended complaint identifies the Ergo Patent in detail including
the number and publication date. <u>Id.</u> at 12. The amended
complaint also contains numerous allegations regarding the
history of the Ergo Patent and Defendant Sullivan's alleged
actions in forming Thrownet as a competing company. <u>Id.</u> at 12-
15, 21-23. The amended complaint alleges that an inspection of

Defendant Fry's patented technology "will quickly reveal the Ergo [technology]" and that Defendants "stole the Ergo IP and IT" from Plaintiff. Id. at 22-23. Plaintiff alleges that Defendant Fry's review of prior art in his patent applications do not include the Ergo Patent, which Plaintiff alleges is evidence of Defendants' improper use. Id. at 22.

In response to Plaintiff's amended complaint, Defendant Sullivan filed a motion for a more definite statement or, in the alternative, a motion to strike on June 2, 2016. ECF No. 60-4 at 1. In that motion, Defendant Sullivan expressly states that he was properly served with the summons and amended complaint on May 12, 2016. Id. at 6. Defendant Sullivan also states that the amended complaint alleges that he "stole intellectual property from [Plaintiff] and/or Ergo." Id. at 10.

On August 4, 2016, the state court granted Defendant Sullivan's motion for a more definite statement and gave Plaintiff until August 12, 2016, to file a second amended complaint. ECF No. 62-4 at 65-69. Specifically, the state court directed Plaintiff to file a second amended complaint that included numbered paragraphs, was concise, removed all repetitive and irrelevant matters, and did not include personal opinions or principles of law. Id. at 66.

Because Plaintiff did not file a second amended complaint by the court's deadline, Defendant Sullivan then filed

a motion to dismiss.  See ECF No. 64-5 at 1-10.  The court denied Defendant Sullivan's motion to dismiss without prejudice and quashed attempted service of process of Plaintiff's late-filed second amended complaint on Defendant Sullivan on August 12, 2016, and August 26, 2016.  See ECF Nos. 67-7 at 50-52.

Plaintiff filed a request to file a third amended complaint, which was granted by the state court on January 31, 2017.  ECF No. 68-3 at 1, 104-05.  Plaintiff filed his Third Amended Complaint on March 1, 2017.  ECF No. 68-4 at 1. Plaintiff served Defendant Sullivan on April 7, 2017.  ECF No. 68-5 at 12-13.

### FEDERAL COURT PROCEDURAL HISTORY

Defendant Sullivan filed his Notice of Removal on May 4, 2017, nearly two years after this action was first filed in state court.  See ECF No. 1.  In the Notice, Defendant Sullivan states that removal is appropriate because Plaintiff's Third Amended Complaint asserts claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and claims for patent infringement.  ECF No. 1 at 12.  In his Opposition, Defendant Sullivan also argues that removal is appropriate and timely because he has filed counterclaims arising under federal patent law.  See ECF No. 46 at 13.

### DISCUSSION

The defendant who invokes the federal court's removal

jurisdiction has the burden of establishing that removal was proper.  Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011).  "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  Moore-Thomas v. Alaska Airlines, Inc., 552 F.3d 1241, 1244 (9th Cir. 2009); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Each of Defendant Sullivan's arguments regarding removal are discussed below.

**I.  Removal Based on Plaintiff's RICO Claims in the Third Amended Complaint**

In his Opposition, Defendant Sullivan argues that grounds for removal exist based on the RICO claims asserted in Plaintiff's Third Amended Complaint.  See ECF No. 46.  Any civil action may be removed to federal court if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff's Third Amended Complaint asserts a claim for RICO violations under "Hawaii and Federal RICO statutes."  See ECF No. 1-3 ¶¶ 178-191.  Based on the allegations in the Third Amended Complaint, the Court finds that Plaintiff asserts a claim under federal law.  Next, the

Court must consider whether Defendant Sullivan's removal based on
Plaintiff's RICO claim is timely.

Section 1446(b) provides that an action may be removed
within thirty days after the defendant receives a "paper from
which it may first be ascertained that the case is one which is
or has become removable" if "the case stated by the initial
pleading is not removable." See 28 U.S.C. § 1446(b)(3); Busch v.
Jakov Dulcich & Sons LLC, No. 15-CV-00384- LHK, 2015 WL 3792898,
at *3 (N.D. Cal. June 17, 2015) (quoting Harris v. Bankers Life
and Casualty Co., 425 F.3d 689, 692 (9th Cir. 2005) (internal
quotation marks omitted)). Defendant Sullivan argues that
removal is timely because the Third Amended Complaint is the
pleading from which it may be first ascertained that the case is
removable. However, as detailed above, Plaintiff's first amended
complaint, filed on March 3, 2016, is captioned as a complaint
for "RICO Violations." ECF No. 55-4 at 1. In that amended
complaint, Plaintiff states that the alleged conspiracy "is also
a violation of both Hawaii and Federal RICO statutes" and
expressly seeks "Federal RICO treble damages" in his request for
relief. ECF No. 55-4 at 5-7, 9, 24. Based on these allegations,
the Court finds that the first amended complaint is the pleading
from which it may be first ascertained that the case is removable
based on Plaintiff's RICO claims. Because the Court finds that
the first amended complaint is the operative pleading for

purposes of removal, the thirty-day removal time period was triggered when Defendant Sullivan was served with the first amended complaint on May 12, 2016, and the time period for removal expired on June 13, 2016. Accordingly, the Court finds that Defendant Sullivan's removal of this action based on Plaintiff's RICO claims pursuant to 28 U.S.C. § 1441 was untimely.

## II. Removal Based on Plaintiff's Claims for Patent Infringement

Defendant Sullivan argues that removal is proper because Plaintiff asserts claims for patent infringement in his Third Amended Complaint. ECF No. 46. Defendant Sullivan also argues that removal is timely because notice of removal was filed within thirty days of service of the Third Amended Complaint, which was the pleading from which Defendant Sullivan could first ascertain that Plaintiff was asserting a claim for patent infringement. <u>See</u> ECF No. 83.

Any action "in which any party asserts a claim for relief arising under any Act of Congress relating to patents" can be removed to federal court. <u>See</u> 28 U.S.C. § 1454(a). If an action is removed under section 1454(a), the removing party must comply with "the time limitations contained in section 1446(b)." <u>Id.</u> § 1454(b)(2). As noted above, section 1446(b) provides that an action may be removed within thirty days after the defendant

11

receives a "paper from which it may first be ascertained that the case is one which is or has become removable." See 28 U.S.C. § 1446(b)(3). "Thus, even under section 1454, a defendant who does not remove timely will be subject to a remand motion pursuant to section 1446." Andrews, 994 F. Supp. 2d at 732. However, courts may extend the deadline to remove actions arising under patent law "at any time for cause shown." 28 U.S.C. § 1454(b)(2).

First, the Court finds that Plaintiff's Third Amended Complaint asserts a claim for relief arising under federal patent law. As noted in Defendant Sullivan's Opposition, Plaintiff's Third Amended Complaint contains allegations that Defendants improperly used Ergo's patented technology to use and make their own competing software, that Defendant Fry worked with Defendants to obtain a series of patents that were dependent on the software component that Plaintiff alleges was stolen from the Ergo patented technology, that Defendant Sullivan's competing companies sold the IT and IP that Plaintiff offered at Ergo, that Defendant Sullivan improperly took the Ergo technology knowing it was protected by patents, that Defendant Fry's review of prior art in his patent applications do not include the Ergo Patent, which Plaintiff alleges is evidence of Defendants' improper use. See ECF No. 46 at 7 (citing ECF No. 1-3 ¶¶ 50, 51, 56-57, 61-62, 98, 100, 111, 186). Additionally, Plaintiff's Third Amended

Complaint states that Defendants are "guilty" of "patent
infringement" and contains a section titled "Patent
Infringement." See ECF No. 1-3 at 27. Plaintiff alleges that
"[a]ll defendants named in this suit participated in the
infringement both directly and indirectly." Id. ¶ 113. Although
Plaintiff states in that section that he intends to "take[] up"
patent infringement proceedings "with the Federal Court after
these Hawaii Circuit Court matters are settled," Plaintiff
acknowledges that his state law claims are "based on the
defendants' desire to abscond with the patented secrets and
source code." Id. ¶ 109. Additionally, Plaintiff's claims for
misappropriation and fraud rely on allegations that Defendants
improperly obtained patented software, misappropriated
trademarked technology, and infringed patents. Id. ¶¶ 151, 154,
157. Having determined that Plaintiff's Third Amended Complaint
contains "a claim for relief arising under any Act of Congress
relating to patents," see 28 U.S.C. § 1454(a), the Court must now
consider whether Defendant Sullivan complied with "the time
limitations contained in section 1446(b)," see id. § 1454(b)(2).

        Second, regarding timeliness, Defendant Sullivan argues
that Plaintiff's Third Amended Complaint is the first pleading
upon which this action first became removable. The Court
disagrees. As detailed above, Plaintiff's first amended
complaint, filed on March 3, 2016, contained allegations that

Defendants "stole" his "IT, IP, investments, and source code" and "violated their non-disclosures and [his] patent." ECF No. 55-4 at 3. Plaintiff alleged that Defendants "buried [his] patented software in a variety of patents by [Thrownet and Defendant] Fry." Id. Plaintiff alleged that Plaintiff's "work was patent protected and that [Defendant] Sullivan had no rights to it." Id. at 5. The amended complaint identified the Ergo Patent in detail including the patent number and publication date. Id. at 12. The amended complaint also contained numerous allegations regarding the history of the Ergo Patent and Defendant Sullivan's alleged actions in forming Thrownet as a competing company. Id. at 12-15, 21-23. The amended complaint alleged that an inspection of Defendant Fry's patented technology "will quickly reveal the Ergo [technology]" and that Defendants "stole the Ergo IP and IT" from Plaintiff. Id. at 22-23. Plaintiff alleged that Defendant Fry's review of prior art in his patent applications do not include the Ergo Patent, which Plaintiff alleged is evidence of Defendants' improper use. Id. at 22. These allegations demonstrate that Plaintiff was asserting a claim his patent rights were violated by Defendant Sullivan's actions in starting Thrownet and by Defendant Fry's actions in developing technology that Plaintiff alleges was based on his patented technology.

Notably, the allegations upon which Defendant Sullivan relies to demonstrate that Plaintiff's Third Amended Complaint

contains a claim related to patents are many of the same
allegations contained in Plaintiff's first amended complaint,
filed more than a year ago.  For example, Defendant Sullivan
quotes the allegations in the Third Amended Complaint that
Defendants "buried [Plaintiff's] patented software in a variety
of patents by the Thrownet A Chief Architect, Fry.  Fry then took
that patent to Salesforce.com Inc., then to BEA Systems (which
was later purchased by Oracle) and finally to Twitter. [Defendant
Fry] filed for and received more patents all of which were based
on Fry's original 2002 'parser component' patent."  See ECF No.
46 at 10 (quoting ECF No. 103 ¶ 100).  Similarly, these
allegations are contained in the first amended complaint.  See
ECF No. 55-4 at 3 (alleging that Defendants "buried my patented
software in a variety of patents by the Thrownet A Chief
Architect, Fry.  Fry then took that patent to Salesforce.com
Inc., then to BEA Systems (which was later purchased by Oracle)
and finally to Twitter. He filed for and received more patents
all of which were based on Fry's original 2002 'parser component'
patent.").  Defendant Sullivan also quotes the allegation from
the Third Amended Complaint that "Sullivan's trade mark
application as cited above clearly demonstrates he was marketing
the Ergo tools for sale."  ECF No. 46 at 10 (quoting ECF No. 1-3
¶ 112).  Again, substantially similar allegations are contained
in the first amended complaint.  See ECF No. 55-4 at 6, 17

("Sullivan's trademark application for Thrownet promises exactly the same IT and IP functionality as that of my Company" and "They advertised for sale, precisely what I was offering but hid it in the Trademark application"). Defendant Sullivan also relies on the allegation in the Third Amended Complaint that Defendant Fry's review of prior art in his patent applications does not include the Ergo Patent, which is also contained in the first amended complaint. Compare ECF No. 46 at 11 (quoting ECF No. 103 ¶ 186 ("Fry's review of prior art in all his patents does not include the Ergo patent which is a clear indication that he and Sullivan and everyone at Thrownet knew they did not have any right to it and this includes Salesforce.com Inc., BEA Systems, Oracle, and Twitter)) with ECF No. 55-4 at 25 ("Fry's review of prior art in all his patents does not include the Ergo patent which is a clear indication that he and Sullivan and everyone at Thrownet knew they did not have any right to it and this includes Salesforce.com Inc., BEA Systems, Oracle, and Twitter").

Plaintiff did not use the term "infringement" in his first amended complaint. See ECF No. 55-4. However, the Court does not find this fact to be determinative because Plaintiff did allege in his first amended complaint that his patent was "violated" and that his work was "stolen." See, e.g., ECF No. 55-4 at 3 (alleging that Defendants "violated" his patent and that Defendant "stole" his IT, IP, and source code); at 6

16

(alleging that Defendants "stole" Ergo IP and IT); at 17
(alleging that Defendant Sullivan created a competing company to
market and sell "the stolen IT and IP"); at 22 (alleging that
Defendant Fry took Plaintiff's "stolen IP" and "tr[ied] to hide
it in a patent"). The allegations in the first amended complaint
related to violations of Plaintiff's patent rights are
substantially similar to those in the Third Amended Complaint.
Although the state court later granted Defendants' motion for a
more definitive statement, Defendants did not have to investigate
or speculate as to the meaning of Plaintiff's prior pleadings.
Rather, the Court finds that based on the factual allegations
contained in the first amended complaint that are, as Defendant's
own quotations demonstrate, substantially similar to allegations
in the Third Amended Complaint, the first amended complaint is
the amended pleading from which it may be first ascertained that
the case is removable under 28 U.S.C. § 1454.

        Because the Court finds that the first amended
complaint is the operative pleading for purposes of removal under
Section 1454, the thirty-day removal time period was triggered
when Defendant Sullivan was served with the first amended
complaint. See 28 U.S.C. § 1446(b)(3). In his state court
filings, Defendant Sullivan acknowledges that he was properly
served with the summons and first amended complaint on May 12,
2016. ECF No. 60-4 at 6. Accordingly, the time period for

removal expired on June 13, 2016, nearly a year before Defendant

Sullivan filed his Notice of Removal.  See ECF No. 1 (filed on

May 4, 2017).[3]

As noted above, courts may extend the deadline to

remove actions arising under patent law "at any time for cause

shown."  28 U.S.C. § 1454(b)(2).  "The few district courts to

consider this language have concluded at a minimum the standard

imposes some burden on the removing party to justify why its

tardiness should be excused."  NematicITO, Inc. v. Spectrum Five

LLC, No. 16-CV-01859-RS, 2016 WL 3167181, at *4 (N.D. Cal. June

6, 2016) (quoting SnoWizard, Inc. v. Andrews, Civ. A. No.

---

[3] In his Opposition, Defendant Sullivan also argues that
removal was timely based on Defendant Sullivan's counterclaims
arising under federal patent law, which were filed on May 11,
2017.  See ECF No. 46 at 6, 13.  It appears that Defendant
Sullivan has abandoned this argument because he did not address
it in his Supplemental Memorandum.  See ECF No. 83.  However, in
an abundance of caution, the Court addresses this argument and
finds that it is without merit.  As other courts have reasoned,
Section 1446 states that "receipt by the defendant" is the
triggering event and a defendant cannot receive its own
counterclaim.  See 28 U.S.C. 1446(b); Accutrax, LLC v.
Kildevaeld, 140 F. Supp. 3d 168, 172 (D. Mass. 2015) ("the date
of the filing of the counterclaim cannot be the trigger that
starts the thirty-day deadline under § 1454"); NematicITO, 2016
WL 3167181, at *3 ("The date [defendant] asserted counterclaims
cannot serve as the date triggering the thirty-day clock to seek
removal to federal court.").  Additionally, this argument
essentially reads Section 1446's time limitations out of Section
1454.  Accutrax, 140 F. Supp. 3d at 172.  "The thirty-day
deadline would mean little if a defendant could decide when to
start the clock for his own removal by asserting a counterclaim
at any time."  Id.  Accordingly, the Court finds that Defendant
Sullivan's counterclaims cannot be the triggering event for
purposes determining the timeliness of removal.

12–2796, 2013 WL 3728410, at *6 (E.D. La. July 12, 2013)). In the Ninth Circuit, the "good cause" standard contained in other rules and statutes has been held to be "a non-rigorous standard," but generally requires a showing that the "requested relief was reasonable, justified, and would not result in prejudice to any party." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1260 (9th Cir. 2010).

Here, Defendant Sullivan argues that he has shown cause to extend the deadline for removal based on "the procedural history, the complex nature of the proceedings, and the substantial federal interests involved." ECF No. 83 at 2-3. Further, Defendant Sullivan argues that Plaintiff's prior pleadings were "vague, unintelligible, and indeterminate." Id.

The Court finds that Defendant Sullivan has not met his burden to demonstrate cause to extend the removal deadline. First, although the state court granted Defendants' requests for a more definite statement, the Court does not agree that Plaintiff's first amended complaint was so vague or unintelligible to warrant an extension of the removal period. As detailed above, many of the allegations that Defendant Sullivan relies upon in his Opposition to demonstrate that Plaintiff's Third Amended Complaint contains a patent claim are nearly identical to the allegations contained in Plaintiff's first amended complaint filed in 2016.

Second, Defendant Sullivan does not provide any support for his assertion that the complex nature of this case or the procedural history provides a basis for extending the removal period. Although this action involves numerous filings and multiple Defendants, many of the prior filings were by Defendants who have been actively engaged in this litigation since 2015 in state court.

Finally, the Court also rejects Defendant Sullivan's argument that because this action involves claims related to patents, there are "substantial federal interests involved" sufficient to justify an extension of the removal time period. As other courts have held, "'[c]ause shown' cannot . . . simply be that the removing party has asserted a patent claim and federal courts are the exclusive forums of such claims. The reason for this seems obvious. Section 1454 is principally about the removal of patent claims, and so if Congress had shared [defendant's] view, it would have simply removed all time limitations. Since it did not, [defendant's] argument on this point cannot be accepted because it is inconsistent with the statute." Univ. of Kentucky Research Found., Inc. v. Niadyne, Inc., No. CIV. 13-16-GFVT, 2013 WL 5943921, at *10 (E.D. Ky. Nov. 5, 2013).

This case has been proceeding in state court since 2015. The state court has reviewed Plaintiff's prior pleadings

and issued numerous rulings on motions filed by both Plaintiff and Defendants.  As detailed above, the Court finds that the time period for removal began in 2016.  Defendant Sullivan has failed to demonstrate cause for his failure to remove this action earlier or to extend the deadline.  Accordingly, the Court FINDS that Defendant Sullivan's removal of this action pursuant to 28 U.S.C. § 1454 was untimely.

CONCLUSION

Because Defendant Sullivan's removal under 28 U.S.C. § 1441 based on Plaintiff's RICO claims was untimely and Defendant Sullivan's removal under 28 U.S.C. § 1454 based on Plaintiff's claims related to patents was untimely, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Motions to Remand and remand this action to the Circuit Court for the First Circuit of the State of Hawaii.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, AUGUST 8, 2017.

Richard L. Puglisi
United States Magistrate Judge

**BRALICH vs. SULLIVAN, ET AL.; CIVIL NO. 17-00203 ACK-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTIONS TO REMAND**