IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| PHILIP BRALICH, PH.D, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civ. No. 17-00203 ACK-RLP |
| | ) |
| BARRY A. SULLIVAN, ESQ.; MARK | ) |
| PIESNER; CHRIS FRY; JOHN | ) |
| BATALI; WILLIAM O'GRADY; | ) |
| PETER MORRELI; CRAIG | ) |
| WEISSMAN; SAM PULLARA; SCOTT | ) |
| ZIEGLER; TWITTER; THROWNET A. | ) |
| CA-CORP.; THROWNET B. MA- | ) |
| CORP.; SALESFORCE.COM INC.; | ) |
| MICROSOFT; STANFORD | ) |
| UNIVERSITY; NUANCE | ) |
| COMMUNICATIONS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

ORDER ADOPTING AS MODIFIED THE FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFF'S MOTIONS TO REMAND

      For the reasons set forth below, the Court adopts as

modified the Findings and Recommendation to Grant Plaintiff

Philip Bralich's Motions to Remand, ECF Nos. 13, 17, issued by

Magistrate Richard L. Puglisi on August 8, 2017.

**BACKGROUND**

I.   **Background Regarding Plaintiff's Alleged Claims**[1]

Plaintiff Philip Bralich ("Plaintiff") is a linguist who, together with another individual, developed a programmable theory of syntax between 1991 and 1996. Third Am. Compl. ¶¶ 2, 22-23, ECF No. 1-3 ("TAC"). In 1995, Plaintiff founded Ergo Linguistic Technologies, Inc. ("Ergo") in order to develop the theory into a patentable, proprietary computer program. Id. ¶¶ 2-3, 24. The patent, No. 5,878,385 A, was granted on March 2, 1999. Id. ¶¶ 25, 66. The patented software was intended to provide for structural analysis of sentences generated by speech or text and to allow for increased accuracy in functions like database and internet searches. Id. ¶¶ 27-28. Payment for the patent lapsed in 2003. Id. ¶ 66.

Defendant Barry Sullivan served in various capacities in Ergo, including as Chief Financial Officer and on the Board of Directors, as well as investing and raising capital and functioning as Ergo's attorney. Id. ¶ 4. Around the time Ergo closed down in 1999-2000, Defendant Sullivan formed a competitor corporation known as Thrownet. Id. ¶¶ 45, 80, 84. Supposedly in order to bring in additional investors, Defendant Sullivan

_____

[1] This background is taken from the allegations in Plaintiff's Third Amended Complaint and is provided for context only. These background facts are not to be construed as findings of fact that the parties may rely on in future proceedings.

received access to the Ergo patent source code so it could be
independently evaluated by Defendants John Batali and Chris Fry,
who were also involved with Thrownet.  Id. ¶¶ 46-48.  Plaintiff
alleges that Defendant Fry claims to have developed the same
type of software component while at Thrownet "with exactly the
same number of lines of code" as the Ergo software in only two
months, where it took Plaintiff 15 years.  Id. ¶ 48.  Plaintiff
alleges that these Defendants used Ergo's patented technology to
make their own software.  Id. ¶ 50.  Plaintiff also alleges that
Defendant Fry worked with other defendants to obtain a number of
patents that depended on Ergo's software.  Id. ¶¶ 51, 55-62.

Based on the above, Plaintiff has alleged various
claims, including: patent infringement; legal misconduct and
violations of various ethical rules; breach of non-disclosure
agreements; misappropriation of trade secrets; breach of
fiduciary duty and usurpation of corporate opportunity; fraud;
tortious interference with contract; conversion; defamation; and
conspiracy and RICO violations.  Id. ¶¶ 109-191.

## II.  **Relevant State Court Proceedings**

On July 31, 2015, Plaintiff, proceeding pro se, filed
this action in the Circuit Court for the First Circuit of the
State of Hawaii.  Notice of Removal ¶ 2, ECF No. 1.  Plaintiff's
initial filing appears to be a compilation of various
attachments.  See generally ECF No. 53-4.  The first document

3

appears to be a temporary restraining order issued against Plaintiff in favor of Defendant Sullivan.  Id. at 5-8. Plaintiff then attached a letter to the state court seeking to quash the order and referencing a complaint he had filed with the Hawaii Bar Association alleging legal misconduct against Defendant Sullivan, which he attached to the letter.  Id. at 9-34.  Plaintiff also alleged that "Sullivan violated his non-disclosure, violated our patent, and stole trade secrets" which he then described in more detail.  Id. at 12-23.

On January 12, 2016, Defendant Salesforce.com filed a motion to dismiss or in the alternative for a more definite statement and noted that the summons with which it was served did not appear to be valid.  ECF No. 53-5 at 74, 84-85.  In its motion, Defendant Salesforce.com attempted to parse Plaintiff's allegations that the defendants had illegally stolen and used the Ergo patent, noting he claimed that "Mr. Sullivan and Mr. Fry have stolen and misappropriated intellectual property belonging to Ergo and Plaintiff."  ECF No. 53-5 at 81.  On January 26, 2016, Defendant Sullivan filed a position statement also asserting that attempted service on him was not valid and moved for dismissal with prejudice as a sanction.  ECF No. 53-7 at 1-7.  On February 4, 2016, the state court granted Defendant Salesforce.com's motion to dismiss without prejudice and motion for a more definite statement, and allowed Plaintiff until April

4

4, 2016 to refile his complaint. ECF No. 54-5 at 6-13. The court also quashed the attempted service on Defendant Sullivan and denied his motion for sanctions. ECF No. 57-3 at 2-6.

Plaintiff filed his First Amended Complaint on March 3, 2016.[2] ECF No. 55-5 ("FAC"). In the first portion of the complaint, Plaintiff alleges that the defendants stole his "IT, IP, investment, and source code" and that in doing so, "they violated their non-disclosures and [Plaintiff's] patent." Id. at 6. Plaintiff alleges this was accomplished by "bur[ying] [his] patent software in a variety of patents" by Defendant Fry, who then took the patent to other companies also named as defendants in the complaint. Id. Plaintiff also alleged Defendant Fry "kn[ew] [the] work was patent protected and that Sullivan had no rights to it." Id. at 8. In addition, Plaintiff states that the alleged conduct "is also a violation of both Hawai'i Federal RICO statutes," quotes the elements of a RICO claim, and seeks treble damages for RICO violations. Id. at 8-12. Plaintiff's complaint then identifies the Ergo patent, including the publication number and date, and details the history of the patent and alleged theft, including that

---

[2] Plaintiff appears to have filed two copies of this complaint, one at 7:58 a.m. and one at 7:59 a.m. See ECF Nos. 55-4 at 1 and 55-5 at 4. Although the copies do not appear to differ in the allegations summarized above, the Court will refer to the later-filed version.

Defendant Fry's review of prior art in his patents "does not include the Ergo patent".  Id. at 15-18, 24-26.

On May 3, 2016, Defendant Sullivan filed a motion to dismiss for failure to properly serve him with an appropriate amended complaint and valid summons, and for lack of subject matter jurisdiction on the basis that federal courts have exclusive jurisdiction over claims relating to patents.  ECF No. 59-3 at 1-9.  He withdrew that motion on May 11, 2016, and on May 12, 2016 a return and acknowledgement of service by Defendant Sullivan was filed.  ECF No. 59-4 at 52-54, 80-81. Defendant Sullivan then filed a motion for a more definite statement or in the alternative to strike portions of the First Amended Complaint on June 2, 2016.  ECF No. 60-4 at 1-15.  In that motion, Defendant Sullivan stated that "[o]n May 12, 2016, a civil process server, on behalf of Bralich, served Sullivan with Bralich's [amended complaint] with a valid summons" and that it "was properly served" on him.  Id. at 5-6.[3]  Instead, Defendant Sullivan contended that the complaint violated other rules of state civil procedure, as described in the state court's order allowing him to amend.  Id. at 6.  In the motion, Defendant Sullivan also noted Plaintiff's repeated allegation that he stole intellectual property from Plaintiff and/or Ergo.

---

[3] Defendant Sullivan was served with the version of the First Amended Complaint filed at 7:59 a.m.  See ECF No. 64-5 at 15.

<u>Id.</u> at 10.

On August 4, 2016, the state court denied the motion to strike but granted the motion for a more definite statement. ECF No. 62-4 at 65-69. Plaintiff was granted until August 12, 2016 to "file and serve" on all parties a second amended complaint that complied with state court rules and the court's specific directions to include numbered paragraphs and remove repetitive and irrelevant material. <u>Id.</u> at 66.

Because Plaintiff failed to file and serve his Second Amended Complaint by the state court's deadline, Defendant Sullivan moved to dismiss on September 2, 2016. ECF No. 64-5 at 1-10. In the motion, Defendant Sullivan noted that on August 12, Plaintiff caused to be served a file-stamped but uncertified partial copy of the First Amended Complaint, and on August 26 Plaintiff provided an unfiled copy of what purported to be the Second Amended Complaint and did not include a summons. <u>Id.</u> at 6-7. On October 31, 2016, the state court denied without prejudice Defendant Sullivan's motion to dismiss but quashed the two attempts to serve him in August. ECF No. 67-7 at 50-52.

On December 6, 2016, Plaintiff requested leave to file a third amended complaint. ECF No. 68-3 at 1-2. The state court granted the request on January 31, 2017. <u>Id.</u> at 104-105. Plaintiff filed his Third Amended Complaint on March 1, 2017. TAC, ECF No. 68-4. Defendant Sullivan was served with this

complaint on April 7, 2017.  ECF No. 68-5 at 12-13.

III. **Relevant Federal Court Proceedings**

On May 4, 2017, Defendant Sullivan filed a Notice of
Removal based on 28 U.S.C. §§ 1331 and/or 1338, which
respectively provide for federal question jurisdiction and
jurisdiction over actions relating to, <u>inter alia</u>, patents.
Notice of Removal ¶ 1, ECF No. 1.  The Notice asserted that all
defendants who had then been served joined in or consented to
the removal.  <u>Id.</u> ¶ 7.  The parties then began engaging in
substantial motions practice, including two motions for remand
filed by Plaintiff on May 17, 2017 and May 24, 2017.  ECF Nos.
13, 17.  On June 7, 2017, this Court administratively withdrew
the various dispositive motions filed, directed that no
additional dispositive motions or further briefing related to
the pending dispositive motions be filed, and referred the two
motions for remand to Magistrate Judge Puglisi.  ECF No. 39.

On June 26, 2017, Defendant Sullivan filed his
opposition to the motions to remand, to which Defendants Nuance
Communications, Salesforce.com Inc., Craig Weissman, Chris Fry,
and Microsoft filed substantive joinders.  ECF Nos. 46-50.  On
June 27, 2017, Judge Puglisi ordered Defendant Sullivan to file
supplemental briefing regarding cause for extending the removal
period for the patent infringement claim and the timeliness of
removal based on Plaintiff's RICO allegations.  ECF No. 51.

Defendant Sullivan filed his supplemental opposition on July 5, 2017.  ECF No. 83.  Plaintiff filed his reply on July 13, 2017. ECF No. 84.  On August 8, 2017, Judge Puglisi issued Findings and Recommendation to Grant Plaintiff's Motions to Remand.  ECF No. 86 ("F&R").

In the F&R, Judge Puglisi first determined that the Third Amended Complaint asserted a claim for RICO violations under federal law, which provided a basis for removal.  F&R at 9-10.  However, Judge Puglisi found that the RICO claims were ascertainable from the First Amended Complaint, which he determined was the operative complaint for purposes of removal. Id. at 10.  As Defendant Sullivan had been served with the First Amended Complaint on May 12, 2016, the time for removal expired on June 13, 2016, and thus Defendant Sullivan's removal was not timely.  Id. at 11.  Judge Puglisi then determined that the Third Amended Complaint also asserted claims relating to the Ergo patent, which provided a basis for removal.  Id. at 11-12. However, the patent claims were also ascertainable from the First Amended Complaint, which made it the operative complaint for those claims.  Id. at 13-17.  As such, removal based on patent jurisdiction was also untimely.  Id. at 17-18.

Judge Puglisi next determined that Defendant Sullivan had failed to demonstrate good cause for extending the time for removing this case pursuant to 28 U.S.C. § 1454.  Id. at 18-20.

9

He also rejected Defendant Sullivan's argument that removal was timely based on the counterclaims arising under federal patent law which Defendant Sullivan filed on May 11, 2017.  <u>Id.</u> at 18 n.3.  Judge Puglisi then recommended that Plaintiff's motions be granted and this action be remanded to state court.  <u>Id.</u> at 21.

On August 21, 2017, Microsoft filed a response regarding the F&R noticing its intent to remove if this Court were to remand this case.  ECF No. 87.  On August 22, 2017, Defendant Sullivan filed objections to the F&R.  ECF No. 88 ("Obj.").  Plaintiff did not file a response to Microsoft's notice of intent to remove or Defendant Sullivan's objections.

<u>**STANDARD**</u>

"This Court treats a motion to remand as a dispositive motion, requiring the issuance of a findings and recommendation by the magistrate judge."  <u>PSC Indus. Outsourcing, LP v. Burlington Ins. Co.</u>, Civ. No. 10-00751, ACK-BMK, 2011 WL 1793333, at *3 (D. Haw. May 10, 2011) (citing <u>Keown v. Tudor Ins. Co.</u>, 621 F. Supp. 2d 1025, 1029 (D. Haw. 2008)).

When a party objects to a magistrate judge's findings or recommendation, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); <u>see also</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d

10

1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district court must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." (emphasis in original)).

Under a de novo standard, a district court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 618 (9th Cir. 1989).

It is within the district court's discretion to "receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions." L.R. 74.2. Pursuant to Local Rule 74.2, this Court "may consider the record developed before the magistrate judge," but the Court must make its "own determination on the basis of that record."

## DISCUSSION

The parties do not object to Judge Puglisi's determinations that the Third Amended Complaint asserted federal RICO and patent-related claims, which provided a basis for removal, or that those claims were ascertainable in the First

11

Amended Complaint. The parties also do not appear to object to Judge Puglisi's finding that Defendant Sullivan did not demonstrate cause for extending the removal deadline. Finally, the parties do not object to Judge Puglisi's finding that the filing of Defendant Sullivan's counterclaims does not render his removal of the Third Amended Complaint timely. The Court does not find clear error regarding these findings and adopts them for the reasons stated in the F&R.

Defendant Sullivan objects to the F&R on two bases: first, that Judge Puglisi erred in finding that the operative complaint for purposes of determining the timeliness of his removal was the First Amended Complaint as it was not a validly served complaint; and second, that remanding the case is contrary to judicial economy in light of Microsoft's notice of intent to remove. See generally Obj. The Court DISAGREES with Defendant Sullivan's Objections and accordingly ADOPTS Magistrate Judge Puglisi's Findings and Recommendation as modified herein.

I. **Defendant Sullivan Incorrectly Asserts that the First Amended Complaint Was Not a Proper or Validly Served Complaint**

Under the removal statute, a removing defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which

such action or proceeding is based...." 28 U.S.C. § 1446(b)(1).

"[I]f the case stated by the initial pleading is not removable,

a notice of removal may be filed within thirty days after

receipt by the defendant, through service or otherwise, of a

copy of an amended pleading, motion, order or other paper from

which it may first be ascertained that the case is one which is

or has become removable." Id. § 1446(b)(3).

"The removal statute is strictly construed, and any

doubt about the right of removal requires resolution in favor of

remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241,

1244 (9th Cir. 2009); Gaus v. Miles, 980 F.2d 564, 566 (9th Cir.

1992) ("Federal jurisdiction must be rejected if there is any

doubt as to the right of removal in the first instance.") "The

'strong presumption' against removal jurisdiction means that the

defendant always has the burden of establishing that removal is

proper." Gaus, 980 F.2d at 566.

Defendant Sullivan objects to Judge Puglisi's finding

that the operative complaint for purposes of removal was the

First Amended Complaint, which was served on Defendant Sullivan

on May 12, 2016.[4]  Obj. at 4-5.  He appears to argue that because

---

[4] Defendant Sullivan refers to this complaint throughout his
Objections as "Plaintiff's 2016 Complaint."  See Obj. at 2.
However, for clarity the Court will refer to the complaint found
to be operative in the F&R for purposes of removal as the First
Amended Complaint.

the state court later quashed attempted service of a subsequent complaint in August 2016, either the First Amended Complaint "did not qualify as a complaint under Hawai'i law and procedure" or it "had not been validly served" and thus the removal deadlines were not triggered until he was served with the Third Amended Complaint. Id. at 9.

The Court disagrees with Defendant Sullivan's assertion that the First Amended Complaint "did not qualify, nor should it have qualified, as a complaint under HRCP Rule 3." Id. at 5. Like its federal counterpart, Hawaii Rule of Civil Procedure ("HRCP") 3 merely states that [a] civil action is commenced by filing a complaint with the court." See also Fed. R. Civ. P. 3. The Hawaii Supreme Court has indicated that it will treat documents commencing a civil action as complaints for purposes of HRCP 3, even if not styled as such. See Matter of Lease Cancellation of Smith, 68 Haw. 466, 468, 719 P.2d 397, 399 (Haw. 1986) (treating petition for writ of assistance as complaint commencing civil action under HRCP 3). Even if the complaint is defective, it still may commence an action for purposes of Rule 3. See William G. Tadlock Constr. v. U.S. Dep't of Defense, 91 F.3d 1335, 1341 (9th Cir. 1996) (finding that although complaint was defective, the action was commenced within the statutory period); see also 5A Wright & Miller, Fed.

14

Prac. & Proc. § 1339 (3d ed.) ("[T]he filing of an unverified complaint effectively will commence an action under Rule 3").

The Court notes that Defendant Sullivan does not appear to have ever made this argument to the state court. Nor does this Court find merit in it. Plaintiff's pleadings, while apparently defective in form and style,[5] were sufficient to commence his civil action under HRCP 3. As such, this is not a reason why the First Amended Complaint should not be treated as the operative complaint for purposes of removal timing.

The Court also disagrees with Defendant Sullivan's position that the First Amended Complaint cannot have constituted the operative complaint for purposes of removal because it had not been validly served on him. See Obj. at 9. In the first place, Defendant Sullivan has explicitly admitted on multiple occasions that he was properly served with the First Amended Complaint and even withdrew his motion to dismiss for lack of proper service. See ECF No. 59-3 at 1-9; ECF No. 59-4

---

[5] To the extent that Defendant Sullivan may be implying that Plaintiff's pleadings prior to the Third Amended Complaint did not qualify as proper complaints because of alleged violations of HRCP 8-10, governing the form and style of pleading, the Court disagrees. While remedying these technical deficiencies may aid in responding to the pleadings, they need not be addressed prior to removal as long as the basis for removal is ascertainable. Indeed, like the state court, the federal court can require that pleadings contain a short and plain statement of the case in numbered paragraphs. See Fed. R. Civ. P. 8-10; HRCP 8-10.

15

at 52-54; ECF No. 60-4 at 5-6 ("On May 12, 2016, a civil process server, on behalf of Bralich, served Sullivan with Bralich's [First Amended Complaint] with a valid summons."); ECF No. 64-5 at 5 ("On May 12, 2016, Bralich effective [sic] service of the [First Amended Complaint], with a summons, upon Sullivan"). The record also contains a return and acknowledgement of service by Defendant Sullivan. ECF No. 59-4 at 80-81. However, in his Objections, Defendant Sullivan has not squarely addressed why, despite his previous representations to the state court, service of the First Amended Complaint on him was not valid.

Rather, Defendant Sullivan appears to try to construe subsequent proceedings and state court orders to undermine and distract from this fact. First, Defendant Sullivan argues that if the First Amended Complaint was not valid, the state court would not have ordered that subsequent iterations be served in accordance with HRCP 4. Obj. at 3. However, this does not accurately represent what the state court ordered. In granting Defendant Sullivan's motion for a more definite statement, the state court ordered Plaintiff to "file and serve a Second Amended Complaint that complies with the Hawaii Rules of Civil Procedure and Rules of the Circuit Courts of the State of Hawaii on all parties to this action no later than Friday, August 12, 2016." See ECF No. 62-4 at 66. Nowhere in that order did the state court specifically mention HRCP 4. Similarly, in allowing

16

Plaintiff leave to file a third amended complaint the state court did not even set a deadline for service, much less specify what rule governed service.  ECF No. 68-3 at 105.

Moreover, especially given the facts and circumstances before the state court, delineating the applicable service rules does not appear to have been warranted.  At the time of the state court's order regarding the Second Amended Complaint, Defendant Sullivan had admitted being properly served as noted above.  As such, subsequent service of amended complaints on him would generally be made pursuant to HRCP 4 rather than HRCP 5.  See Obj. at 8; Brewer v. Ass'n of Apartment Owners of Southpointe at Waiakoa Condo. Homeowners Ass'n, No. CV. 10-00315 DAE-BMK, 2011 WL 2532757, at *1 n.2 (D. Haw. June 23, 2011) (finding that Federal Rule of Civil Procedure 4 applied rather than Rule 5 because there was no evidence the original complaint had been properly served); see also Emp. Painters' Tr. v. Ethan Enters., Inc., 480 F.3d 993, 995-96 (9th Cir. 2007) (noting that under Rule 5, an amended complaint "can often be served in the same manner as any other pleading if the original complaint is properly served").[6]

---

[6] As HRCP 4 and 5 are identical to their federal counterparts, federal case law is highly persuasive interpreting the state rules.  Bank of Hawaii v. Shinn, 120 Haw. 1, 26, 200 P.3d 370, 396 (Haw. 2008) ("Where a Hawaii rule of civil procedure is identical to the federal rule, the interpretation of that rule
(continued . . . )

However, even where a prior complaint has been validly served, service pursuant to HRCP 4 is still required for subsequent amended pleadings asserting new or additional claims for relief. See HRCP 5(a). Here, while certain claims such as RICO, patent violations, and fraud are apparent in Plaintiff's First Amended Complaint, Plaintiff's pleading renders it somewhat difficult to ascertain each and every claim he intends to assert. By Plaintiff's Third Amended Complaint, his claims include, inter alia, usurpation of corporate opportunity and tortious interference with contract. TAC ¶¶ 160-70. That these claims might constitute new or additional claims requiring service under HRCP 4 is at the very least debatable. Under these circumstances, the fact that Plaintiff complied with HRCP 4 in serving complaints subsequent to his First Amended Complaint does not provide a basis for necessarily inferring that service of prior complaints was invalid.[7]

In addition, it does not appear that other defendants had ever been properly served. See, e.g., ECF No. 57-4 at 4 (Salesforce.com's motion to dismiss the FAC); ECF No. 56-5 at 3-

---

( . . . continued)
by the federal courts is highly persuasive.") (internal citation, quotation, and alteration omitted).

[7] Moreover, as the service requirements under HRCP 4 are more stringent than those under HRCP 5, Plaintiff may have complied with HRCP 4 out of an abundance of caution since such service would appear to satisfy both rules.

4 (Twitter's motion to dismiss the FAC); ECF No. 59-4 at 99

(order denying Twitter's motion to dismiss as no complaint had

yet been served on Twitter).  Thus, irrespective of what service

rule applied to Defendant Sullivan, Plaintiff was still required

to serve other previously unserved defendants pursuant to HRCP

4.  Given the above circumstances, this Court will not construe

the state court's simple statement that the Second Amended

Complaint had to be filed and served in accordance with

applicable state court rules as implicitly requiring service

pursuant to HRCP 4 or implicitly finding that service of the

First Amended Complaint on Defendant Sullivan was invalid.

Defendant Sullivan also relies on the fact that the

state court quashed two attempts to serve him in August 2016 in

support of his position that the First Amended Complaint was not

valid.  Obj. at 4-5, 7.  However, in making this argument,

Defendant Sullivan appears to conflate the First and Second

Amended Complaints.[8]  The record shows that in May 2016 Defendant

Sullivan acknowledged service and explicitly admitted that

Plaintiff had validly served him with the First Amended

Complaint, filed March 3, 2016.  ECF No. 59-4 at 80-81; ECF No.

---

[8] The Court notes that Defendant Sullivan asserts that service of
"Plaintiff's 2016 Complaint" was quashed.  Obj. at 7.  Defendant
Sullivan uses the term "Plaintiff's 2016 Complaint" to describe
Plaintiff's First Amended Complaint filed March 3, 2016 and
served on him on May 12, 2016.  Id. at 2.

60-4 at 5-6.  This was the complaint Judge Puglisi found to be operative for purposes of determining removal timing.  <u>See</u> F&R at 10, 17.  Defendant Sullivan then moved for a more definite statement, or in the alternative to strike certain allegations on June 2, 2016.  ECF No. 60-4 at 1-15.  The state court granted the motion for a more definite statement and ordered Plaintiff to file his Second Amended Complaint.  ECF No. 62-4 at 65-69. Plaintiff then attempted to serve Defendant Sullivan twice in August 2016, but Defendant Sullivan successfully argued to the state court that those two service attempts were defective and should be quashed.  ECF No. 64-5 at 1-10; ECF No. 67-7 at 50-52. The record thus plainly shows the state court only quashed attempted service in August 2016 of the Second Amended Complaint, not the successful service of the First Amended Complaint on Defendant Sullivan on May 12, 2016.

Moreover, the state court had ample reason to quash the August 2016 attempts at service of the Second Amended Complaint that has nothing to do with the First Amended Complaint.  Plaintiff first apparently attempted to have served a file-stamped but uncertified partial copy of the First Amended Complaint.  ECF No. 64-5 at 6.  Though timely, the attempt was for the wrong document and did not comply with Rule 2(d)(1) of the Rules of the Circuit Courts of the State of Hawaii ("RCC"),

which requires service of pleadings and other documents to be made with the certified copy or copy of the summons.

As to the second attempt, Plaintiff caused to be served an unfiled copy of what purported to be the Second Amended Complaint, which was left at the reception desk of Defendant Sullivan's counsel's office on August 26, 2016 and did not include a summons. ECF No. 64-5 at 7. As the state court had ordered service to be completed by August 12, this attempt was not timely. This alone would have been reason to quash attempted service.[9] Serving an unfiled version also appears contrary to RCC 2, which requires documents to be presented to the clerk for filing along with copies to be certified for service. See RCC 2(d). In addition, as the Second Amended Complaint lists claims against specific individuals and at least arguably may raise new claims, service may have been required under HRCP 4. As no summons was provided, service under HRCP 4 would have been defective. In light of the foregoing, it cannot reasonably be inferred that in quashing attempted service of Plaintiff's Second Amended Complaint, the state court

---

[9] This holds true regardless of whether Plaintiff was attempting service under HRCP 4 or 5, as service under HRCP 5 can also be quashed even where there is actual notice, if the service is nevertheless deficient. See Rosiere v. U.S. Sec. & Exch. Comm'n, No. 2:09CV01975JCMPAL, 2010 WL 419438, at *1 (D. Nev. Jan. 29, 2010) (granting motion to quash notice of deposition served under Rule 5 pursuant to unauthorized means).

necessarily implied that service of the First Amended Complaint on Defendant Sullivan was also invalid.

In sum, neither law nor fact supports Defendant Sullivan's position here that if the First Amended Complaint was valid the state court "would not and could not" have ordered that subsequent amended complaints be served in accordance with HRCP 4. Obj. at 3. The state court did not explicitly order service of subsequent complaints pursuant to HRCP 4, nor did it do so by necessary implication in generally requiring service in accordance with applicable Hawaii rules or by quashing defective attempts at service. Rather, the record plainly demonstrates that Defendant Sullivan was validly served with the First Amended Complaint. That complaint contained ascertainable RICO and patent-related claims which provided a basis for removal. The 30-day period for removing this case thus began on May 12, 2016 when Defendant Sullivan was served with that complaint, and expired on June 13, 2016. See 28 U.S.C. § 1446(b). However, he did not file his notice of removal until May 4, 2017, nearly a year later. ECF No. 1. As such, Defendant Sullivan's removal is not timely, and as Judge Puglisi found, he has not

established cause for extending the deadline under 28 U.S.C. §

1454.[10]

II.  **Defendant Sullivan Incorrectly Requests that This Court
     Construe His Objections as a Motion for Reconsideration and
     Deny the Motion to Remand in Favor of Judicial Economy**

        Defendant Sullivan requests in the alternative that

his objection be treated as a motion for reconsideration before

Judge Puglisi in light of Defendant Microsoft's notice of intent

to remove, filed on August 21, 2017.  See Obj. at 4, 11.  The

Court does not find it appropriate to treat the Objections as a

motion for reconsideration.  It does not appear that the result

would change even if Plaintiff's motions to remand were

reconsidered since "[c]hallenges to removal jurisdiction require

an inquiry into the circumstances at the time the notice of

removal is filed."  Spencer v. U.S. Dist. Ct. for N. Dist. of

Cal., 393 F.3d 867, 871 (9th Cir. 2004); see also Rudow v.

Monsanto Co., No. C99-4700 TEH, 2001 WL 228163, at *2 (N.D. Cal.

Mar. 1, 2001) (propriety of removal is determined with respect

_____

[10] The Court notes that in his Objections, Defendant Sullivan
states in passing that he "has shown good cause for extending
the timelines to remove the instant action pursuant to 28 U.S.C.
§ 1454."  Obj. at 10.  However, the Court does not find that
this brief mention buried in the middle of the document
constitutes a specific objection warranting de novo review,
especially as Defendant Sullivan does not sufficiently identify
the basis for his disagreement with the F&R, as required by
Local Rule 74.2.  Nevertheless, even if it were to review this
issue de novo, the Court would agree with Judge Puglisi's
analysis and adopt the F&R for the reasons stated therein.

to the parties involved, the causes of action asserted, and the bases for subject matter jurisdiction at the time of removal).

Here, Defendant Microsoft was not served until after Defendant Sullivan had already removed this case. Notice of Intent to Remove at 2, ECF No. 87. As such, whether Defendant Microsoft has an independent basis for removal is a post-removal development that should not be taken into account in considering the propriety of Defendant Sullivan's removal. Nor can Defendant Microsoft's apparent consent cure an untimely notice of removal filed by an earlier-served defendant. See Motorola Sols., Inc. v. Pick, No. 2:15-cv-00236-MMD-GWH, 2015 WL 5895902, at *2 (D. Nev. Oct. 8, 2015) (noting that even if the co-defendant was properly served, she consented to an untimely notice of removal, instead of filing her own notice, and finding that consent to an untimely notice does not cure the defect). Since it appears pointless for Judge Puglisi to reconsider the F&R in light of Defendant Microsoft's notice of intent to remove, the Court declines to require him to do so.

Defendant Sullivan also requests that, in light of Defendant Microsoft's notice, this Court reject the F&R in favor of judicial economy. Obj. at 10-11. However, it does not appear procedurally proper at this stage for the Court to consider judicial economy, nor has Defendant Sullivan pointed to any authority allowing the Court to do so. Under 28 U.S.C. §

24

636(b)(1), a district court reviews de novo those portions of the findings and recommendation to which a party specifically objects and may reconsider a matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  Defendant Microsoft's notice of intent to remove is not styled as an objection to the F&R, nor does Defendant Sullivan attempt to construe it as such.  See Obj. at 10-11; Notice of Intent to Remove, ECF No. 87.  Indeed, the Court does not see how this notice could form the basis of an objection, as the notice had not been filed when Judge Puglisi issued the F&R.  For the same reason, the F&R cannot be clearly erroneous.

The Court does not disregard Defendant Sullivan's argument that it would be inefficient to remand this case only to have Defendant Microsoft immediately re-remove it, as it has asserted it can and will do.  Obj. at 10-11; Notice of Intent to Remove, ECF No. 87.  However, in light of the fact that under Ninth Circuit law post-removal developments do not affect the propriety of removal, such possible inefficiency appears unavoidable.  See Thompson v. Target Corp., CV 12-0010 JGB, 2014 WL 12573412, at *8-9 (C.D. Cal. May 9, 2014) (recognizing that remand may be pointless in light of intent to re-remove case based on post-removal developments, but finding removal required under Ninth Circuit law).

Therefore, as it does not appear procedurally proper at this stage for the Court to consider Defendant Microsoft's notice of intent to remove, and as Defendant Sullivan's removal was not timely, as discussed above, the Court accordingly finds that remand is warranted.

**CONCLUSION**

For the foregoing reasons, the Court ADOPTS the Findings and Recommendation to Grant Plaintiff's Motions to Remand, as modified by this Order. Plaintiff's Motions for Remand are GRANTED. Accordingly, this action will be remanded to the Circuit Court of the First Circuit, State of Hawaii.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 30, 2017.



_____
Alan C. Kay
Sr. United States District Judge

Bralich v. Sullivan, et al., Civ. No. 17-00203 ACK-RLP, Order Adopting as Modified the Findings and Recommendation to Grant Plaintiffs' Motion to Remand.